UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 04-cv-235–HRW

DEBORAH CONN for
AMIE ROSE ,                                                                    PLAINTIFF,

v.                     **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,           DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits.  The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for  the reasons set forth herein,  finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Amie  Rose, a minor child, through her mother Deborah Conn, filed the current application for supplemental security income benefits on September 23, 2002 alleging disability from May 15, 2002 due to Type I diabetes mellitus (Tr. 11,

1

164-166, 171-172).

Plaintiff's application was denied initially and on reconsideration. On June 15, 2004, an administrative hearing was conducted by Administrative Law Judge Charlie Paul Andrus (hereinafter "ALJ"), wherein Plaintiff Amie Rose testified (Tr. 164-170), as did her mother, Plaintiff Deborah Conn (Tr. 171-176).

The issue in this matter is whether claimant is eligible, pursuant to Section 1614(a)(3) of the Social Security Act to receive supplemental social security payments as a disabled individual who has not yet attained age 18. An individual under the age of eighteen shall be considered disabled if that individual has a medically determinable physical or mental impairment which results in marked and severe limitations and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of no fewer than 12 months. 42 U.S.C. §1382c(a)(3)(C)(i).

At the hearing, pursuant to 20 CFR 416.924, ALJ followed the three-step sequential evaluation process for determining disability in children for the purpose of social security income. First, if the claimant is performing substantial gainful work, he is not disabled. Second, if the claimant is not performing substantial gainful work, his impairment(s) must be severe. If the claimant's impairment is a slight abnormality, or a combination of slight abnormalities, that cause no more

than minimal functional limitations, the claimant will be found not to have a severe impairment and thus, will not e found to be disabled. 20 C.F.R. § 416.924 c). Third, if the claimant is not performing substantial gainful work and has a severe impairment (or impairments) and his impairments (or impairments) meets, medically equals or functionally equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled. Evaluation of whether a child meets or medically equals a listing uses the same analysis for all claimants. 20 C.F.R. §§ 416.925, 416.926. However, whether a child functionally equals a listing involves evaluation of six broad domains: (i) acquiring and using information; (ii) attending and completing tasks; (iii) interacting and relating with others; (iv) moving about and manipulating objects; (v) caring for oneself; and (vi) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). If a child has a "marked" limitation in two domains or an "extreme" limitation in one domain, the child's functional impairment (or impairments) is functionally equivalent to a listed impairment. 20 C.F.R. § 416.926a(d).

On September 20, 2004, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 10-18). Plaintiff was 11 years old at the time of the hearing decision (Tr. 11). At the first step of the sequential analysis, the ALJ found that Plaintiff is not engaged in substantial gainful activity (Tr.11). The ALJ then

determined, at the next step, that Plaintiff has diabetes mellitus, which he found to be "severe" within the meaning of the Regulations (Tr. 17). Finally, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 17). The ALJ further concluded that Plaintiff does not have a medically determinable physical or mental impairment that results in a marked limitation in more than on domain or an extreme limitation in any domain (Tr. 17). Accordingly, the ALJ found Plaintiff not to be disabled.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on November 16, 2004 (Tr. 3-5).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 10] and this matter is ripe for decision.

### III.  ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d

383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

   Plaintiff's sole argument on appeal is that the ALJ erred by not making explicit findings regarding the credibility of Deborah Conn's testimony. In his findings, the ALJ determined that the claimant's testimony was not fully credible as it was unsupported by and inconsistent with the medical evidence (Tr. 17). The Court having reviewed the record and, specifically, the testimony of both Amie Rose and her mother, Deborah Conn, finds that the mother's testimony is consistent with her daughter's testimony. Both described the effect of Amie Rose's diabetes on her daily activities as well the symptoms resulting therefrom. The ALJ deemed the claimant's testimony to be not fully credible. The Court finds

5

no error in that assessment. As Deborah Conn's testimony is essentially duplicative of that of her daughter, the Court finds that the ALJ did not err by making an explicit credibility finding as to her testimony. The Court further finds that Deborah Conn's testimony would not be substantial evidence upon which to establish disability. As such, the ALJ did not err in his treatment of the same. Therefore, Plaintiff's argument on appeal is without merit.

### III. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This July 6, 2005.

Signed By:
Henry R Wilhoit Jr.
United States District Judge